STATE OF NEBRASKA EX REL. STUART F. HANSEN, APPELLEE, v. HAROLD SEILER ET AL., APPELLEES, GEORGE V. SCHEER ET AL., INTERVENERS-APPELLANTS, JAMES R. MILLER ET AL., INTERVENERS-APPELLEES.

225 N. W. 2d 388

Filed January 16, 1975. No. 39544.

George H. Moyer, Jr., of Moyer & Moyer, Nelson, Harding, Marchetti, Leonard & Tate, and Thomas D. Sutherland, for interveners-appellants.

Vincent J. Kirby, for appellee State ex rel. Hansen.

Jeremy F. Beitz, for appellees Seiler et al.

Jewell, Otte, Gatz & Collins, for interveners-appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an appeal from the granting of interveners-appellees' motion for summary judgment dismissing petitions seeking a writ of mandamus requiring the Madison County commissioners to reconstitute the commissioner districts so that each district would be of approximately equal population. The judgment also enjoined the commissioners from redistricting until otherwise directed by a vote of the electors of the county. We reverse.

The initial petition was filed in July 1971, by Stuart F. Hansen. Pursuant to an alternative writ of mandamus the commissioners on November 2, 1971, adopted a resolution reconstituting the districts. On December 28, 1971, the court entered an order finding that the resolution passed November 2 did not comply with the court's order and was void, and ordered the county commissioners to redistrict the county on or before December 31, 1972. It further ordered that candidates for the office of county commissioner should thereafter be elected at large until such time as redistricting was completed and approved by the court.

No further action was taken until January 31, 1973, when George V. Scheer, H. L. Gerhart, Jr., James Volk, and Woodrow Collins, hereinafter referred to as appel-

lants, filed a motion for leave to intervene and a petition in intervention. The motion for leave to intervene was sustained. On January 2, 1974, the county commissioners of Madison County adopted a resolution dividing the county into three commissioner districts of substantially equal population. Appellants filed a motion seeking an order approving that resolution.

On January 22, 1974, James R. Miller, Ralph Reeves, and Glen Zobel, residents of the city of Norfolk, hereinafter referred to as appellees, filed a petition in intervention. Their petition alleged that by the passage of L.B. 549, Laws 1973, page 1309, the court and county commissioners of Madison County, Nebraska, were precluded from reforming the commissioner districts of the county because the people had not voted to elect commissioners by district, pursuant to L.B. 549. They further moved the court for an order declaring the resolution of January 2, 1974, void because the notice of the meeting of the county board did not comply with the provisions of section 84-1402, R. S. Supp., 1972, the Public Meetings Law. The court found the notice was defective in a material respect and held the resolution was void.

Appellants then attempted to have the county commissioners reapprove the resolution. At a meeting held January 30, 1974, the commissioners declined to do so. Thereafter, appellees amended their petition in intervention to pray that the county commissioners of Madison County be permanently enjoined from redistricting the county and orally moved the court for summary judgment dismissing the petitions of relator Hansen and appellants. The trial court sustained the motion for summary judgment, enjoined the county commissioners from redistricting Madison County until otherwise directed by a vote of the electors of the county, and dismissed the relators' and appellants' petitions.

Appellants' first assignment of error challenges the order of December 28, 1971, holding the commissioners'

resolution of November 2, 1971, void. At that time, neither the appellants nor the appellees were parties to this action. The relator was then seeking a writ of mandamus to compel a redistricting of the county. That order became final before either appellants or appellees became parties hereto.

The only error we consider herein is appellants' third assignment: "The court erred in sustaining the Motion for Summary Judgment made by intervenors Miller, Reeves and Zobel." The court in sustaining appellees' motion for summary judgment dismissed the petition of relator and appellants; enjoined and restrained the county commissioners from dividing Madison County into three compact and contiguous commissioner districts having substantially equal population; and directed that further elections of county commissioners in said county be at large until such time as there is compliance with L.B. 549 of the Laws of the State of Nebraska for 1973.

L.B. 549, so far as material herein, amended section 5-108, R. S. Supp., 1972, by setting out detailed provisions permitting any county to change its method of electing members to its governing body from at large to district or ward, or vice versa. Section 5-108, R. S. Supp., 1972, in its entirety as it existed previously, was reenacted in the new statute. This portion of the statute is as follows: "When any city, village, county, or school district elects members of any governing board by districts, such districts shall be substantially equal in population, as determined by the most recent federal census. Any such city, village, county, or school district in existence at the time the most recent federal census was completed shall redistrict by January 1, 1972, *and in the event it fails to do so candidates for the governing board shall thereafter be elected at large until such time as redistricting is completed* pursuant to this section. The provisions of this section shall apply to all counties, notwithstanding the limitations on alteration of districts contained in section 23-151. When any new city, village,

county, or school district is established, members of the governing board shall be elected at large until such time as districts are established pursuant to this section." (Italics supplied.)

The effect of the summary judgment was to hold that until proper petitions from the electors were filed to require the submission of district elections pursuant to section 5-108, R. S. Supp., 1973, county commissioners shall be elected at large because the county had not properly redistricted by January 1, 1972, and by court order commissioners were being elected at large at that time. In so holding the District Court misinterpreted the effect of the amendment to section 5-108, R. S. Supp., 1972.

The original action herein was for a peremptory writ of mandamus to compel the county commissioners to divide the county into three districts, each consisting of two or more voting precincts, comprising compact and contiguous territory, and embracing as nearly as possible an equal division of the population of the county pursuant to section 23-151, R. R. S. 1943. The commissioners at that time were being elected from districts but the districts as then constituted did not comply with section 23-151, R. R. S. 1943. Section 23-151, R. R. S. 1943, requires a board of county commissioners to divide its county into three districts, consisting of two or more voting precincts, comprising compact and contiguous territory, and embracing as nearly as possible an equal division of the population of the county. When the District Court held the redistricting resolution void, it provided that until such time as the county commissioners complied with the law, commissioners would be elected at large. This judicial order was effective *until* such time as the commissioners complied with the law, but it did not effect a permanent change of the method provided by the people of the county for the election of their commissioners. The court may not permanently change the method of election. That is a prerogative

reserved to the people of the county. The peremptory writ of mandamus should have been granted.

Section 5-108, R. S. Supp., 1972, provided and still provides that the county shall be redistricted to provide substantially equal districts, and if this was not done by January 1, 1972, the candidates for the governing board thereafter would be elected at large *"until such time as redistricting is completed pursuant to this section."* (Italics supplied.) It is evident that the intent of L.B. 549 (now section 5-108, R. S. Supp., 1974), is not to permanently change the method of electing governing boards or districts but to require at large elections for counties with district elections *only* until the county is properly redistricted. It was not the intent of the act to permanently change the method of election if redistricting was not completed by January 1, 1972, as the trial court held. The Madison County commissioners had been directed to properly redistrict the county, and should have been required to do so.

We reverse the judgment of the trial court and remand the cause with directions that it issue the requested peremptory writ of mandamus to compel the county commissioners of Madison County to divide the county into three districts, each consisting of two or more voting precincts, comprising compact and contiguous territory and embracing as nearly as possible an equal division of the population of the county pursuant to section 23-151, R. R. S. 1943. We further direct that if the commissioners fail or refuse to act pursuant to this order, proper action be taken to compel them to do so.

Judgment reversed and remanded with directions.

REVERSED AND REMANDED WITH DIRECTIONS.